# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS, | Case No.  1:11-cv-02141-MJS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| R H TRIMBLE, et al., | ECF No. 14 |
| Defendants. | CLERK SHALL CLOSE CASE |

Plaintiff Andrew A. Cejas ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

On May 29, 2012, the Court dismissed Plaintiff's initial Complaint for failure to comply with the requirements of Federal Rule of Civil Procedure 8.  (ECF No. 10.)  The Court gave Plaintiff leave to file an amended complaint that complied with the Federal Rules of Civil Procedure, was no longer than twenty pages in length, and did not combine unrelated facts or defendants.  (Id.)

Plaintiff filed a First Amended Complaint on August 2, 2012.  (ECF No. 14.)  It fails to comply with any of the Court's requirements.  It is over forty pages long, names forty-five defendants and asserts a variety of claims arising out of unrelated facts, including facts suggesting a vast conspiracy of retaliation, violations of the Free

Exercise Clause of the First Amendment, violations of Plaintiff's right of access to the courts, violations of the Religious Land Use and Institutionalized Persons Act, Eighth Amendment excessive force violations, violations of the Americans with Disabilities Act and other federal and state statutes, violations of Plaintiff's right to due process under the Fourteenth Amendment, etc.  (Id.) This is not an exhaustive list. This and the previous pleading are both so lengthy and confusing that it is unclear whether Plaintiff has increased, decreased or kept the same number of claims and Defendants.

Plaintiff has in not complied with the Court's screening order.  Plaintiff's First Amended Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8, includes numerous unrelated complaints and defendants, and does not fall within the Court's page limit.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its very heavy docket weigh in favor of dismissal.  Neither the public nor the Court can be expected to continue to indulge pleadings where the pleader disregards the Court's notice of deficiencies and its directives regarding correction and files a replacement pleading which includes the same, if not more extensive and egregious, deficiencies. The Court recognizes that Plaintiff is not a lawyer and is not represented in this matter.  However, the ongoing deficiencies reflect a total disregard of the Court's order, not difficulty complying with it.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

The Court finds that the fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed above.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424.  The Court's screening order expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim." (ECF No. 10.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

1 | Based on the foregoing, Plaintiff's First Amended Complaint is hereby
2 | DISMISSED, without prejudice.  Plaintiff will not be given further leave to file an
3 | amended pleading.  The Clerk of Court shall CLOSE this action.

`

IT IS SO ORDERED.

Dated:   October 31, 2013       /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE