1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

ANDREW A. CEJAS,

CASE NO. 1:11-cv-2141-MJS (PC)

12

Plaintiff,

**ORDER  DENYING PLAINTIFF'S OBJECTIONS**

13

v.

14

R.H. TRIMBLE, et al.,

**(ECF No. 20)**

15

Defendants.

16
17

I.    **PROCEDURAL HISTORY**

18

        Plaintiff, a state prisoner proceeding pro se, initiated this case as a civil rights

19

action under 42 U.S.C. § 1983. (ECF No. 1.)

20

        Plaintiff's initial complaint was dismissed for violation of Federal Rule of Civil

21

Procedure 8(a)(2). (ECF No. 10.) The Court noted that that pleading was over one

22

hundred pages long, named forty-four defendants, and appeared to allege numerous

23

unrelated claims. (Id.) The Court gave plaintiff leave to file an amended complaint no

24

longer than twenty pages in length, with the instruction that the amended pleading

25

should not combine unrelated facts or defendants and must comply with the Civil Rights

26

Act, the Federal Rules of Procedure, and the Local Rules of Practice. Plaintiff was

27
28

warned that "any filing which does not comply with these instructions directing a short and plain statement or any filing which combines unrelated matters or defendants likely will result in dismissal with prejudice of the entire action."

Thereafter Plaintiff sought leave to file a fifty page amended complaint. (ECF No. 11.) The request was denied on the ground that Plaintiff failed to show good cause. (ECF No. 13.)

Plaintiff then filed a first amended complaint. (ECF No. 14.) The Court dismissed Plaintiff's first amended complaint without prejudice for failure to comply with the Court's prior screening order and Federal Rule of Civil Procedure 8. (ECF No. 18.) The Court noted that the amended complaint was over forty pages long, named forty-five defendants, and asserted a variety of claims arising out of unrelated facts. Plaintiff was not given further leave to file an amended pleading.

Before the Court for decision are Plaintiff's objections (ECF No. 20) to the screening order, which the Court construes as a motion for reconsideration.

## II.     LEGAL STANDARD

Federal Rules of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

2

"A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III.   DISCUSSION

Plaintiff asserts that his amended complaint complied with Federal Rule of Civil Procedure 8 and points out that he cut his original complaint by more than half. However, he acknowledges that his complaint combined "years of constitutional violation[s]." Plaintiff argues that the Court should have informed him if further corrections were needed and should have given Plaintiff leave to amend rather than dismissing the complaint. Plaintiff requests a certificate of appealability if his objections are denied.

The Court's initial screening order identified the deficiencies in Plaintiff's complaint, advised him to avoid combining unrelated claims and defendants, and ordered that any amended pleading not exceed twenty pages. Plaintiff sought and was denied leave to file a lengthier pleading. Yet, Plaintiff's amended complaint was over forty pages long, included numerous unrelated claims and defendants, and did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court carefully weighed the factors to be considered

3

in determining whether to dismiss an action for failure to obey a court order or local rules, and determined that those factors weighed in favor of dismissal. (ECF No. 18.) Plaintiff provides no basis for reconsidering the Court's earlier decision. Accordingly, Plaintiff's objections, which the Court construes as a motion for reconsideration, will be denied.

Additionally, Plaintiff's request for a certificate of appealability is misplaced. A certificate of appealability is required for the appeal of habeas corpus proceedings or a proceeding under 28 U.S.C. § 2255. See 28 U.S.C. § 2253; Fed. R. App. P. 22. This action was brought pursuant to 42 U.S.C. § 1983, and Plaintiff is not required to obtain a certificate of appealability prior to taking an appeal.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's objections (ECF No. 20) are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   July 21, 2014          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

4